IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **KIERRA LACHELLE DOWLEN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No._____ |
| | ) | |
| | ) | **JURY DEMAND** |
| **THE CITY OF SPRINGFIELD,** | ) | |
| **TENNESSEE and OFFICER** | ) | |
| **DEFENDANTS JOHN DOES 1-7,** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW**, the Plaintiff, Kierra Lachelle Dowlen, by and through their attorneys, the Nesheiwat Law Group, PLLC., and for her cause of action against Defendants, the City of Springfield, Tennessee and Officer Defendants John Does 1-7, and allege as follows:

### PARTIES

1. Plaintiff, Kierra Lachelle Dowlen, (hereinafter "Plaintiff") is a citizen and resident of Springfield, Robertson County, Tennessee.

2. Defendant, The City of Springfield, Tennessee, is a city and municipality existing pursuant to the Constitution and laws of the State of Tennessee and is empowered by the same to act through its governing body, officers, and officials under color of law.

3. John Does 1 through 7 were at all times referred to herein employees of the Springfield Police Department. John Does 1 through 7 are being sued in both their individual and official capacities.

**JURISDICTION AND VENUE**

4. Jurisdiction is founded upon 29 U.S.C. § 1331, § 1343(a)(3) and (4), and § 1367(a). This Honorable Court has jurisdiction over Plaintiff's claims of violation of civil rights pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391 in that the factual acts and omissions which give rise to this cause of action occurred within this district and within one year of the filing of this Complaint.

6. Jurisdiction of state law claims is also proper. The Federal Court should assume supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The state law claim being brought by Plaintiff pursuant to the Tennessee Governmental Tort Liability Act (TGTLA). (T.C.A. § 29-20-101 *et. seq.*) Individual claims are brought against defendants under the common laws of the State of Tennessee.

**FACTUAL ALLEGATIONS**

7. On the evening of April 29, 2023, Kierra Lachelle Dowlen, was alone at her home located at 100 Southfield Drive, Apartment D8, Springfield, TN 37172.

8. Suddenly, Plaintiff heard a knock on the door and announcement that the "Police" were present and ordering her to open the door.

9. Plaintiff opened the door with the chain guard of the door attached.

10. Upon opening the door, Plaintiff witnessed approximately seven (7) officers (John Does 1 – 7) with the Springfield Police Department standing outside her door.

11. These officers were all acting under color of law and within the course and scope of their employment as police officers.

12. John Doe 1 asked if she was "Crystal Dowling" to which she denied that was her name and requested that they procure a warrant to enter her property.

13. John Doe 1 requested proof of Plaintiff's identity and Plaintiff left the door and returned with her driver's license.

14. Plaintiff repeatedly told officers that she was not Crystal Dowling and that they had the wrong person and the wrong address.

15. John Does 1 through 7 did not have a valid warrant for Plaintiff as they stood outside her door.

16. John Doe 1 disingenuously told Plaintiff that he "could not see the driver's license" and requested that Plaintiff open the door.

17. Plaintiff opened the door and provided her license to John Doe 1 while requesting the names and badge numbers of John Does 2, 3 and 4.

18. While Plaintiff was recording the names and badge numbers of the officers, John Does 1 and 5 rushed the door and forced entry into Plaintiff's residence.

19. Plaintiff was thrown to the ground, held down, and handcuffed.

20. Plaintiff repeatedly screamed at officers that they had the wrong person.

21. Plaintiff repeatedly told officers that they were hurting her by twisting and restraining her arms and crushing her to the ground.

22. Plaintiff was held to the ground, in part, by an officer placing their knee in her back, causing her severe pain and restricting her breathing.

23. Plaintiff was not immediately read her rights despite being placed in handcuffs, being held to the ground, and having no freedom to leave.

24. While illegally restraining Plaintiff, John Does 1 through 7 proceeded to illegally search Plaintiff's residence and move items within her residence.

25. John Does 1 through 7 realized during their search that Plaintiff was not the correct individual named on the warrant, as Plaintiff had previously told them.

26. John Does 1 through 7 released Plaintiff from her handcuffs, ceased holding her to the ground, and left her residence.

27. John Does 1 through 7 then acknowledged that they had the wrong person but told Plaintiff they were going to check her for warrants because she had not cooperated with their illegal seizure of her person and search of her residence.

28. Due to Defendants illegal and excessive use of force against Plaintiff, Plaintiff sustained abrasions and sprains to both of her wrists.

29. Due to Defendants illegal and excessive use of force against Plaintiff, Plaintiff sustained abrasions and internal injuries to her chest where she was slammed to the ground and to her back where the officer held her to the ground with their knees.

30. Due to the force of impact when the Defendants slammed Plaintiff to the ground, Plaintiff suffered internal bodily injuries, causing extreme pain, and requiring medical intervention.

31. As a result of the conduct of the officers in illegally entering Plaintiff's home, assaulting her, and restraining her, Plaintiff has suffered severe emotional and

psychological damage, including, but not limited to, fear of being home alone and post-traumatic stress related to responding to unexpected visitors to her home, and anxiety when seeing police officers.

32. As a result of the conduct of the Defendants, Plaintiff has had to seek extensive physical and mental treatment in order to resume daily life.

33. Plaintiff continues to struggle with daily activities due to the physical and emotional trauma caused by the officers.

## COUNT I – VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983: UNLAWFUL SEIZURE AND FALSE ARREST

34. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 33 of this Complaint.

35. At the time of the events alleged herein, Defendants were acting under color of law and in their capacity as police officers.

36. At the time of the events alleged herein, Defendants did not have a warrant to seize or arrest Plaintiff.

37. At the time of the events alleged herein, Defendants did not have probable cause to seize or arrest Plaintiff.

38. At the time of the events alleged herein, Defendants did not have a warrant to enter Plaintiff's residence.

39. At the time of the events alleged herein, Defendants did not have probable cause to enter Plaintiff's residence.

40. Defendants admitted that they did not have a warrant for Plaintiff's arrest or to enter her property.

41. Plaintiff provided John Does 1 through 7 with adequate identification that she was not the individual reflected in Defendants' warrant.

42. Without a warrant or probable cause, John Does 1 through 7 forcibly entered Plaintiff's residence, put her on the ground, held her to the ground, and handcuffed her.

43. In so doing, Defendants deprived Plaintiff of her right to be free of unreasonable and unlawful seizure under the Fourth and Fourteenth Amendments.

44. Defendants did so intentionally and over Plaintiff's repeated objections and demands that Defendants release her because she was not the person they were looking for.

45. Plaintiff was aware of her confinement when she was thrown to the ground, held to the ground, and placed in handcuffs, and she did not consent to the seizure or confinement in any way.

46. As a result of Defendants conduct, Plaintiff suffered physical, mental, and emotional injuries.

47. By intentionally seizing, holding, and confining Plaintiff without consent, warrant or probable cause, John Does 1 through 7 violated Plaintiff's Fourth Amendment right to be free from arrest and Defendants are liable to Plaintiff for her injuries. *See* Baker v. McCollan, 443 U.S. 137 (1979).

48. Defendants knew or should have known that their conduct was a violation of Plaintiff's clearly established right.

## COUNT II – VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983: UNREASONABLE SEARCH

49. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 48 of this Complaint.

50. At the time of the events alleged herein, Defendants were acting under color of law.

51. At the time of the events alleged herein, Defendants did not have a warrant or probable cause to seize or arrest Plaintiff.

52. At the time of the events alleged herein, Defendants did not have a warrant to enter Plaintiff's residence.

53. At the time of the events alleged herein, Defendants did not have probable cause to enter Plaintiff's residence.

54. Defendants admitted that they did not have a warrant for Plaintiff's arrest or to enter her property.

55. John Does 1 through 7 began a warrantless search of Plaintiff's residence while she was handcuffed and held to the ground.

56. In doing so, Defendants deprived Plaintiff of her right to be free of unlawful search of her home in violation of the Fourth and Fourteenth Amendment.

57. By invading the residence of Plaintiff without a warrant, and by conducting a warrantless arrest of Plaintiff, John Does 1 through 7 violated Plaintiff's Fourth Amendment right to be from unreasonable searches of her home and unreasonable seizure of her person. *See* Payton v. New York, 445 U.S. 573 (1980).

58. Defendants knew or should have known that the search of Plaintiff's residence was a violation of her clearly established right.

59. As a result of Defendants unlawful search, Plaintiff has suffered injury and damages for which Defendants are liable.

### COUNT III – VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983: EXCESSIVE FORCE

60. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 59 of this Complaint.

61. At the time of the events alleged herein, Defendants were acting under color of law.

62. At the time of the events alleged herein, Defendants did not have a warrant or probable cause to seize Plaintiff.

63. At the time of the events alleged herein, Defendants used unlawful and excessive force in removing Plaintiff from her home, slamming her to the ground, twisting her arms, and restraining her by use of their knees in her back.

64. Defendants' actions were intentional.

65. By and through their actions, Defendants subjected Plaintiff to unlawful and excessive use of force in violation of the Fourth and Fourteenth Amendment.

66. As a result of Defendants' actions, Plaintiff suffered physical, mental, and emotional injuries and damages for which Defendants are liable.

### COUNT IV – MUNICIPAL LIABILITY

67. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 though 66 of this Complaint.

68. The City of Springfield, Tennessee, is liable for the conduct alleged herein under a theory of municipal liability for permitting, encouraging, tolerating, and

knowingly acquiescing to an official pattern, practice, and policy or custom within the Springfield Police Department of violating the rights of its citizens.

69. The City of Springfield, Tennessee is also liable for the conduct alleged herein for failure within the Springfield Police Department to train officers regarding their obligations under the Fourth and Fourteenth Amendments and the laws of the State of Tennessee in order to prevent violations of the same and harm to the citizenry as a result thereof.

## COUNT V – ASSAULT

70. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 69 of this Complaint.

71. Defendants' actions were intentional.

72. Defendants' actions constituted an unmistakable appearance of an intentional attempt to do harm when they forcibly stormed through Plaintiff's front door without probable cause or a warrant.

73. Defendants had the present ability and an unmistakable appearance of the present ability to do that harm when they forcibly stormed through Plaintiff's front door without probable cause or a warrant.

74. The actions of Defendants constitute assault under the laws of the State of Tennessee.

75. As a result of Defendants' actions, Plaintiff suffered physical, mental, and emotional injuries and damages for which Defendants are liable.

## COUNT VI – BATTERY

76. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 75 of this Complaint.

77. Defendants' intended to do the actions that caused Plaintiff harm.

78. Defendants' actions, including tackling Plaintiff, holding Plaintiff to the ground, and an officer placing their knee in her back constitute a harmful or offensive physical contact.

79. Defendants' actions were unlawful as they did not have probable cause or a warrant to physically contact Plaintiff's person.

80. Defendants' intentional, harmful, and offensive contact include significant unnecessary force against Plaintiff's person.

81. As a result of Defendants' actions, Plaintiff suffered physical, mental, and emotional injuries and damages for which Defendants are liable.

## COUNT VII – FALSE IMPRISONMENT

82. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 81 of this Complaint.

83. Defendants unlawfully violated the personal liberty of Plaintiff.

84. Defendants intentionally and unlawfully restrained, confined, and detained Plaintiff against her will.

85. Defendants did not have probable cause or a warrant to restrain, confine, and detain Plaintiff against her will.

86. As a result of Defendants' actions, Plaintiff suffered physical, mental, and emotional injuries and damages for which Defendants are liable.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

87. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 86 of this Complaint.

88. Defendants knew and had been briefed on handling interactions with African Americans after the national outrage surrounding cases involving George Floyd, Breonna Taylor, and Tyre Nichols.

89. Defendants knew of the harm that could be caused to individuals, especially African Americans, during interactions with the police including mental injuries.

90. Defendants did not have probable cause or a warrant to enter Plaintiff's property or contact her person.

91. Defendants' conduct was intentional.

92. Due to the conflicts between police officers and African Americans in recent years resulting in the deaths of African Americans at the hands of officers, assaulting, battering, imprisoning Plaintiff without a warrant or probable cause and violating Plaintiff's rights under the United States Constitution is outrageous conduct that is not tolerated by a civilized society.

93. As a result of Defendants' intentional and outrageous conduct, Plaintiff suffered serious mental and emotional injuries and damages for which Defendants are liable.

# DAMAGES

94. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 93 of this Complaint.

95. As a direct and proximate result of the Defendants' acts and omissions, Plaintiff has suffered significant damages recognized by State and Federal law including, but not limited to the following:

    (a)    Physical pain, both past and future;

    (b)    Emotional suffering and grief, both past and future;

    (c)    Medical expenses;

    (d)    Punitive damages;

    (e)    Lost wages;

    (f)    Loss of enjoyment of life;

    (g)    Pre- and Post-Judgment Interest;

    (h)    Discretionary Costs;

    (i)    Attorney's Fees;

    (j)    All other relief, both general and specific, to which Plaintiff may be entitled by law.

**WHEREFORE**, Plaintiff prays as follows:

1. Plaintiff, Kierra Lachelle Dowlen, be granted a judgment against the Defendants for a sum of money not to exceed $1,000,000.00, to be sufficient to compensate her for the compensatory damages complained of herein;

2. Plaintiff, Kierra Lachelle Dowlen, be granted a judgment against the Defendants for a sum of money not to exceed $500,000.00, to be sufficient to compensate her for punitive damages against Defendants complained herein;

3. A jury of twelve (12) to try this action;

4. Defendants to be taxed with the costs of this civil action; and

5. All further and general relief as justice may require.

This __28th__ day of __April__, 2024.

Respectfully submitted,

/s/ Lucas Jerkins
Lucas E.W. Jerkins (# 033863) *Of Counsel*
Daniel Nesheiwat (# 036142)
**NESHEIWAT LAW GROUP, PLLC.**
426 Century Court, Suite 102
Franklin, Tennessee 37064
(615) 430-0818 – Telephone
(615) 903-9889 – Facsimile
*Attorneys for Plaintiff*