# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

**KIERRA LACHELLE DOWLEN,**     )
    )
    **Plaintiff,**     )
    )
**v.**     )     **Case No. 3:24-cv-00522**
    )     **Judge Aleta A. Trauger**
**THE CITY OF SPRINGFIELD,**     )
**TENNESSEE, ROBERTSON COUNTY**     )
**SHERIFF'S DEPARTMENT,**     )
**TENNESSEE BUREAU OF**     )
**INVESTIGATION and OFFICER**     )
**DEFENDANTS JOHN DOES 1-7,**     )
    )
    **Defendants.**     )

## MEMORANDUM

Plaintiff Kierra Lachelle Dowlen's First Amended Complaint ("FAC") states claims against the City of Springfield, Tennessee, the Robertson County Sheriff's Department ("RCSD"), the Tennessee Bureau of Investigation ("TBI"), and seven law enforcement officers identified only as John Does 1–7. (Doc. No. 13.) The FAC asserts claims under 42 U.S.C. § 1983 and state law, based on injuries Dowlen allegedly suffered when the unidentified law enforcement officers forcibly entered her house on April 29, 2023, detained her, and searched her home, all allegedly without a valid warrant or probable cause. (*See* Doc. No. 13.)

Now before the court are two Motions to Dismiss, one filed by the RCSD (Doc. No. 26) and the other by the TBI (Doc. No. 28). The plaintiff did not file a response in opposition to either motion. Instead, she filed a Motion to Amend, seeking to amend her complaint to "name the appropriate defendants." (Doc. No. 32 at 1.) The proposed Second Amended Complaint would eliminate the claims against the TBI altogether and substitute Robertson County for the RCSD. It

also seeks to add Robertson County Sheriff Michael Van Dyke as a defendant in both his official and individual capacities. (*See* Doc. No. 32-1.) Dowlen states that the City of Springfield and the TBI do not oppose the Motion to Dismiss, but the RCSD does. (Doc. No. 32 at 1.)

For the reasons set forth herein, the court will grant both Motions to Dismiss and deny the Motion to Amend as futile.

## I.     TBI'S MOTION TO DISMISS

The TBI's Motion to Dismiss—which the plaintiff does not oppose—invokes Rule 12(b)(1) and seeks dismissal of the § 1983 and state law claims against it for lack of subject matter jurisdiction. It argues that it is a state agency and, as such, not a "person" subject to suit under § 1983 and not an entity subject to suit under the Tennessee Governmental Tort Liability Act ("TGTLA") for purposes of the plaintiff's state law claims and, in any event, that it is entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution. (*See generally* Doc. No. 29.)

The Eleventh Amendment "grants sovereign immunity to the states in most cases, which prevents federal courts from having jurisdiction in lawsuits brought by private plaintiffs where the state is a defendant." *Morgan v. Bd. of Pro. Resp.*, 63 F.4th 510, 515 (6th Cir. 2023). This immunity "extends to departments and agencies that are arms of the state," including the TBI. *Id.*; *see also Holmes v. Tennessee*, No. 14-5327, 2015 WL 13927114, at *1 (6th Cir. June 1, 2015) (affirming the dismissal of § 1983 claims against the TBI, finding that the TBI, "as an arm of the state, [is] immune from suit under the Eleventh Amendment"). The TBI's immunity also extends to the state law claims against it brought in federal court. *See Hiefner v. Univ. of Tenn.*, 914 F. Supp. 1513, 1515 (E.D. Tenn. 1995) ("It is equally well settled that this Eleventh Amendment immunity applies not only to claims brought under federal law, but also to state law claims brought in federal court

under this court's supplemental jurisdiction." (citing *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 121 (1984))).

Sovereign immunity is subject to several exceptions, including "(a) when the State has consented to suit;[1] (b) when the exception first set forth in *Ex parte Young*, 209 U.S. 123 (1908), applies; and (c) when Congress has properly abrogated a State's immunity." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). "Tennessee has not waived its sovereign immunity and § 1983 does not override sovereign immunity." *Holmes*, 2015 WL 13927114, at *1 (citing Tenn. Code § 20-13-102(a)). Under *Ex parte Young*, "suits against state officials seeking equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment." *Morgan*, 63 F.4th at 867 (quoting *Mich. Bell Tel. Co. v. Climax Tel. Co.*, 202 F.3d 862, 867 (6th Cir. 2000)). This exception does not apply here, because the FAC neither names a state official as a defendant nor seeks prospective relief based on an ongoing violation of the law. *See id.*

In short, the TBI is immune from suit. Its Motion to Dismiss will be granted on that basis, and the claims against it will be dismissed without prejudice for lack of subject matter jurisdiction. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) ("Dismissals for lack of jurisdiction based on Eleventh Amendment immunity should be made without prejudice." (citing *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005))).

---

[1] The state has waived immunity to certain claims for monetary damages, but only if they are brought through the Tennessee Claims Commission. *See* Tenn. Code Ann. §§ 9-8-301 through 9-8-307. Otherwise, the state retains its immunity. *Stewart v. State*, 33 S.W.3d 785, 790 (Tenn. 2000).

## II.     RCSD'S MOTION TO DISMISS

### A.     Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Such a motion is properly granted if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *Marvaso v. Sanchez*, 971 F.3d 599, 605 (6th Cir. 2020). In ruling on a motion to dismiss under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).

"[W]hen evaluating an affirmative defense [raised] in a motion to dismiss, a court must . . . only look to the facts alleged in the plaintiff's complaint, albeit alongside the legal elements of the affirmative defense raised in the defendant's motion to dismiss." *Goins v. Saint Elizabeth Med. Ctr.*, 640 F. Supp. 3d 745, 751 (E.D. Ky. 2022) (citing *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009)). "If the elements of an affirmative defense are met by the factual allegations contained in the complaint, then the district court may grant the motion to dismiss." *Id.*; *see also Kreipke v. Wayne State Univ.*, 807 F.3d 768, 784 (6th Cir. 2015) ("Where an affirmative defense appears 'clearly on the face of the complaint,' however, a court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim.").

While the court must treat a motion to dismiss as one for summary judgment under Rule 56" if "matters outside the pleadings are presented to and not excluded by the court," Fed. R. Civ. P. 12(d), it has long been the rule that a court may consider not only the complaint and exhibits attached to it, but also public records, without converting a Rule 12(b)(6) motion into a Rule 56 motion. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (citation omitted).

**B.     Relevant Procedural History**

The plaintiff initiated this lawsuit by filing her original Complaint in this court on April 28, 2024, naming as defendants only the City of Springfield and "Officer Defendants John Does 1–7." (Doc. No. 1.) She alleged that the John Doe defendants were all employees of the City of Springfield Police Department. (*Id.* ¶ 3.) The City of Springfield answered the Complaint on June 17, 2024, asserting that the plaintiff was "mistaken as to the identity of the officers involved in the incident described in the Complaint" and that, in fact, the officers were employed by the RCSD and the TBI. (*Id.* ¶¶ 4, 6, 11, 35, 50, 61; *see also id.* at 15, Affirmative Defense ¶ 1.)

On July 10, 2024, the plaintiff filed an Unopposed Motion for Extension of Time to File Amended Complaint, explaining that she had miscalculated the time for amending her pleading under Federal Rule of Civil Procedure 15(a)(1)(B) by one day[2] but that the already-served defendant did not object to "a brief extension to July 10, 2024, for Plaintiff to submit an amended pleading." (Doc. No. 10 at 1.) The proposed FAC was attached as an exhibit to the motion. (Doc. No. 10-1.) The court granted the motion on July 11, 2024, but it did not expressly direct the filing of the proposed Amended Complaint as a separately docketed filing, nor did the docket clerk file it. The plaintiff—though she could have, since the court had granted her motion—also did not file the FAC at that time.

On September 24, 2024, apparently after plaintiff's counsel "contacted the clerk and court" (*see* Doc. No. 32 at 3), the court entered an Order stating: "By inadvertence, when the court granted the plaintiff's Motion for Extension of Time to Amend Complaint (Doc. No. 10) on July 11, 2024 (Doc. No. 11), the Clerk did not file the First Amended Complaint attached to the motion." (Doc.

---

[2] Under Rule 15(a)(1)(B), the plaintiff had until July 8, 2024 to amend her pleading "as a matter of course."

No. 14 at 1.) The September 24 Order expressly directed the Clerk to file the FAC "on the docket of this case." (*Id.*) The FAC was docketed that day.[3] (Doc. No. 13.) Summonses for the TBI and the RCSD were issued on October 3, 2024. (Doc. No. 18.)

The RCSD filed its Motion to Dismiss and supporting Memorandum of Law on October 31, 2024. (Doc. Nos. 26, 31.) In addition to raising numerous arguments in support of dismissal of the FAC for failure to state a claim for which relief may be granted, the RCSD argues primarily that the claims against it are time-barred, based on the plaintiff's failure to strictly comply with the requirements of Tenn. Code Ann. § 20-1-119. (*See* Doc. No. 31 at 2–11.)

As noted above, the plaintiff responded to the Motion to Dismiss by filing her Motion to Amend. In arguing that the proposed amendment is not futile, the plaintiff asserts that (1) her claims against the County relate back to the claims against the RCSD under Federal Rule of Civil Procedure 15(c)(1)(C); and (2) the RCSD's timeliness argument amounts to "procedurally trivial" quibbling over a clerical error, and the Tennessee courts have held that § 20-1-119 should be "liberally construed to effectuate its remedial purpose." (Doc. No. 32 at 7 (quoting *Mann v. Alpha Tau Omega Fraternity*, 380 S.W.3d 42, 50 (Tenn. 2012)).)

As discussed below, the plaintiff is simply incorrect. The FAC was filed outside the applicable limitations period, making the claims against the RCSD untimely; the court has no authority to extend an expired statute of limitations in this situation; and relation back will not make untimely claims timely when the pleading to which relation back is sought was itself untimely.

---

[3] The FAC is essentially identical to the original Complaint, except insofar as it adds the TBI and the RCSD as defendants and asserts that the John Doe defendants were "officers . . . of the Springfield Police Department, the Robertson County Sheriff's Department, and/or the Tennessee Bureau of Investigation." (Doc. No. 13 ¶ 12.)

## III.    DISCUSSION

Because § 1983 does not incorporate a limitations period, the court must "look to state law to determine the limitations period." *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (citing *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005)). The parties agree that Tennessee provides a one-year statute of limitations. *See* Tenn. Code Ann. § 28-3-104(a)(1)(B) (setting one-year limitations period for "[c]ivil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes"); *Johnson*, 777 F.3d at 843 (acknowledging that § 28-3-104(a)(1)(B) applies to § 1983 claims in Tennessee). Likewise, the TGTLA, which governs the plaintiff's claims against the local government entities, contains a one-year limitations period. *See* Tenn. Code Ann. §§ 29-20-103(b), -305(b).

The plaintiff filed her original Complaint within one year of the incident giving rise to her claims. By the time the City of Springfield filed its Answer identifying the RCSD and the TBI as potential comparative tortfeasors (as employers of the unidentified officers), the one-year limitations period had already run. Tennessee, however, enacted § 20-1-119 expressly for the purpose of addressing situations like this one. It states, in relevant part:

> In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations . . . alleges in an answer or amended answer to the original . . . complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:
>
> > (A) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or
> >
> > (B) Institute a separate action against that person by filing a summons and complaint. . . .

Tenn. Code Ann. § 20-1-119(a)(1).

In other words, Section 20-1-119(a)(1)(A) "provides a ninety-day 'grace period' for a plaintiff to amend a complaint to add as a defendant any unnamed person alleged by a defendant to have caused or contributed to the plaintiff's injury, even if the statute of limitations applicable to the plaintiff's cause of action has expired." *Bidwell ex rel. Bidwell v. Strait*, 618 S.W.3d 309, 324 (Tenn. 2021). Under the unambiguous language of the statute, if a plaintiff seeks to proceed under subsection (a)(1)(A), rather than filing a separate action under subsection (a)(1)(B), she must meet two requirements: "(1) file an amended complaint and (2) cause process to be issued to the party named in the amended complaint." *Id.* at 329. This provision applies to claims in federal courts to the same extent other statutes of limitations and savings statutes apply. *Accord, e.g.*, *Schultz v. Davis*, 495 F.3d 289, 294 (6th Cir. 2007) (affirming application of § 20-1-119 in federal diversity action but also finding that it did not apply in that case, because the statute of limitations had not run when the defendant filed its answer); *Sanders v. Young*, No. 3-15-0098, 2015 WL 7863133, at *4 (M.D. Tenn. Dec. 3, 2015) (Campbell, J.) (finding claim against comparative tortfeasor time-barred by the plaintiff's failure to comply with the requirements of § 20-1-119).

In this case, the City of Springfield's initial Answer raising the comparative fault defense and specifically identifying the RCSD and the TBI was filed on June 17, 2024, after the limitations period for the plaintiff's claims expired on April 29, 2024. Accordingly, the plaintiff had 90 days from that date, or until Monday, September 16, 2024[4] to both file an amended pleading naming the new defendants *and* cause process to be issued to them. The plaintiff filed a *motion* seeking leave to amend within the limitations period (on July 10, 2024), but the amended pleading was not actually filed in the record of the case until September 24, 2024, and process was not issued until

---

[4] The 90th day following June 17, 2024 fell on Sunday, September 15, 2024, thus extending the deadline by one day. Fed. R. Civ. P. 6(a)(1)(C).

October 4, 2024. Accordingly, because the plaintiff did not effect both of these actions within the 90-day "grace period," her claims against the RCSD are time-barred.

The plaintiff does not raise an equitable basis for tolling the statute of limitations. She argues only that the court should not apply an "overly technical and narrow construction of the Statute," as such a construction has been "repeatedly rejected by Tennessee and [f]ederal courts applying the Statute." (Doc. No. 39 at 1–2.) None of the cases she cites, however, has extended the limitations period under similar circumstances. In *Bidwell*—which is particularly compelling, being a recent decision from the state's highest court—after one defendant filed his answer identifying his employer as potentially liable, the plaintiff "filed *two* motions for leave to amend," both "within the ninety-day period provided by section 20-1-119." *Bidwell*, 618 S.W.3d at 329. Under Tennessee Rule of Civil Procedure 15.01, he did not need to file a motion—he could have filed an amended pleading as of right. Moreover, even though the record reflected that the second amended complaint was attached to the second motion for leave to amend, the plaintiff "failed to *actually amend* his complaint within ninety days of [the defendant's] answer." *Id.* The court found this failure fatal to his claims:

> Had the Plaintiff simply filed an amended complaint naming [the employer] as a defendant pursuant to section 20-1-119, as Rule of Civil Procedure 15.01 permits, and caused process to issue to [the employer] within ninety days of Dr. Strait's answer, he would have properly and timely satisfied the statutory requirements of section 20-1-119.14 However, he did not do so, and his motions to amend "simply fail[] to fulfill the unambiguous requirements of the statute."

*Id.* (quoting *Ward v. AMI SUB (SFH), Inc.*, 149 S.W.3d 35, 39 (Tenn. Ct. App. 2004)). The court therefore affirmed the trial court's (delayed) denial of the motions to amend. *Id.* at 330.

Similarly, in *Ward*, the plaintiff had ninety days to comply with § 20-1-119 after a named defendant identified a comparative tortfeasor in his answer. The plaintiff filed a *motion* to amend her complaint, and she even served the proposed amended pleading on the new defendant's

attorney within ninety days, but she failed to actually *file* the amended complaint or cause process to be issued within ninety days. The court held that the filing of a motion to amend was not sufficient to meet the statutory requirements, and it rejected the plaintiff's argument that "public policy mandates a holding that the filing of a motion to amend fulfills the requirements of Tennessee Code Annotated § 20-1-119." *Ward*, 149 S.W.3d at 39. To the contrary, the court held that the court's obligation in construing a statute was to "effectuate the intent of the legislature" and that the "plain language of . . . § 20-1-119 requires that in order to add as a defendant a non-party against whom comparative fault has been alleged by the defendant named in the original complaint, the plaintiff must amend the complaint *and* cause process to issue." *Id.* The plaintiff's motion to amend "simply failed to fulfill the unambiguous requirements of the statute." *Id.* The court expressly recognized that its ruling might in some circumstances "yield a harsh result, for example, where a trial court fails to act on a motion to amend within ninety days." *Id.* That possibility, however, did not authorize the court to "rewrite the plain language of a statute" or reach a different result.

Tennessee courts have indeed endorsed a "liberal" construction of the statute to "effectuate its remedial purpose," but generally only "when a court is determining whether a defendant has sufficiently 'allege[d] in an answer . . . that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery.'" *Bidwell*, 618 S.W.3d at 324 (quoting Tenn. Code Ann. § 20-1-119(a)). In addition, in *Jones v. Professional Motorcycle Escort Service, L.L.C.*, 193 S.W.3d 564 (Tenn. 2006), the court refused to apply the statute and procedural rules mechanically. There, pursuant to the version of Rule 15 in effect at the time, the plaintiff needed to first file a motion to amend and obtain an order granting it before she filed or served an amended pleading. The plaintiff instead filed her amended complaint one day prior to filing her

motion to amend. The court granted the motion to amend, however, and the plaintiff served it on the new defendant, all within the ninety-day limitations period provided by § 20-1-119. On appeal, the Tennessee Supreme Court reaffirmed that, "[r]egardless of the *reason* for untimely completion of any of [the statute's] requirements, Tennessee courts have consistently held that the plaintiff's motion to amend must be filed and granted, the amended complaint must be filed, and process must be issued, all within ninety days to comply with section 20-1-119." *Id.* at 570 (collecting cases). The plaintiff had performed all of these steps within the requisite time frame; she just did them out of order. In that case, the court rejected the defendant's objection as overly technical and held that the plaintiff had substantially complied with both Tenn. Code Ann. 20-1-119 and Tennessee Rule of Civil Procedure 15.01. *Id.* at 572–73.

All of these cases compel the conclusion that the plaintiff's claims against the RCSD must be dismissed as untimely. If the plaintiff had filed the FAC within twenty-one days after service of the City of Springfield's Answer, she could have simply filed the FAC as a matter of course. Fed. R. Civ. P. 15(a)(1)(B). Failing that, she needed either the opposing party's or the court's approval. Fed. R. Civ. P. 15(a)(2). Her original Motion for Extension of Time to File Amended Complaint stated that opposing counsel did not object to an extension (Doc. No. 10 at 1), so she likely did not need to seek the court's permission to file the FAC. Regardless, she sought and obtained leave of court within the grace period—but then failed to ensure that the amended pleading was promptly filed. Following entry of the court's Order granting her an extension of the deadline for filing an amended pleading, *nothing* prevented the plaintiff from simply filing the FAC as a separate document—she had no need to wait for further action by the court. That the court identified a "clerical error" as the reason the FAC was not promptly filed after the Motion for Extension of Time was granted is simply irrelevant and does not yield a different result, under

*Bidwell* and *Ward*. The fact remains that the plaintiff neither filed the FAC nor obtained issuance of process for the RCSD until after the ninety days had expired. The RCSD, therefore, is entitled to dismissal of the claims against it as time-barred.

## IV.    THE PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Even if the court presumes, for purposes of the plaintiff's Motion for Leave to Amend, that the claims against Rutherford County and Sheriff Van Dyke would relate back to the claims against the RCSD set forth in the FAC, under Rule 15(c)(1)(C),[5] because the FAC was untimely, relation back does not save the claims against the substituted defendants. *See, e.g.*, *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010) ("Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' *to the date of a timely filed original pleading* and is thus itself timely even though it was filed outside an applicable statute of limitations." (emphasis added)). In other words, if the pleading to which relation back is sought was not itself timely, then the amended pleading cannot be timely either, even if relation-back would otherwise be appropriate. The plaintiff's Motion to Amend, therefore, is futile because time-barred. It will be denied on that basis.

---

[5] The claims against Rutherford County and the Sheriff in his official capacity would arguably relate back to the claims against the RCSD under Rule 15(c)(1)(C), based on mistaken identity. The plaintiff, however, makes no effort to argue that the claims against the Sheriff in his *individual* capacity would relate back, and Sixth Circuit law is clear that they would not. *Accord, e.g.*, *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) ("[A]dding new, previously unknown defendants in place of 'John Doe' defendants 'is considered a change in parties, not a mere substitution of parties,' and 'such amendments do not satisfy the "mistaken identity" requirement of Rule 15(c)[].'" (quoting *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996))).

**V.    CONCLUSION**

For the reasons set forth herein, both Motions to Dismiss (Doc. Nos. 26, 28) will be granted, and the plaintiff's Motion to Amend (Doc. No. 32) will be denied as futile. An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge